Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Dominique Juliet Park
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN RICHARD GLIDDEN,<br><br>Defendant. | Case No. 2:21-CR-00073-RMP<br><br>United States' Sentencing Memorandum |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Dominique Juliet Park, Assistant United States Attorney for the Eastern District of Washington, hereby submits this sentencing memorandum. For the reasons outlined below, the United States requests that the Court sentence Brian Richard Glidden (hereinafter "Defendant") to a 15-month term of imprisonment and a three-year term of supervised release.

## SENTENCING CALCULATION

i.    Base offense level & enhancements

The United States agrees that Defendant's base offense level is 14 under USSG §2K2.1(b)(6)(A). PSIR ¶ 26. The United States agrees that given the

explanation in paragraph 27 of the Presentence Investigation Report ("PSIR"), there is no four-level increase as contemplated in the plea agreement.  PSIR ¶ 27.

The United States agrees that Defendant qualifies for acceptance of responsibility under USSG §3E1.1(a).  PSIR ¶ 33.  These calculations bring Defendant's total adjusted offense level to 12.  PSIR ¶ 34.

The United States agrees that Defendant's criminal history score is 6 with a resultant criminal history category ("CHC") of III.  PSIR ¶ 115-16.  Based on a total adjusted offense level of 12 and CHC III, the corresponding advisory sentencing guideline range is 15 to 21 months of imprisonment.  PSIR ¶ 143.

## SENTENCING RECOMMENDATION

In determining what sentence to impose, the Court should consider the factors enumerated in 18 U.S.C. § 3553(a).  The United States outlines below those factors most pertinent to Defendant.

     i.   <u>The nature and circumstances of the offense and the history and characteristics of Defendant</u>

The underlying circumstances of the charged offense, unlike many instances of felon in possession of a firearm, are serious and violent.  As noted in the PSIR, Defendant came to the attention of law enforcement on May 9, 2021 because of a domestic violence incident that involved a firearm.  PSIR ¶ 13-14.  Specifically, Defendant became intoxicated and belligerent toward his wife, who attempted to "escape the situation by locking herself in the bathroom," while he followed her around the house with a loaded firearm. PSIR ¶ 12-13, 16-17.  Defendant, nonetheless, pursued his wife into the bathroom by punching a hole through the door to gain entry, and thereafter, pushed her into the bathtub.  PSIR ¶ 13.  From the bathroom, Defendant and his wife made their way into the bedroom where they continued to struggle over the firearm.  PSIR ¶ 14.  At some point, the firearm, which was loaded, discharged into a mattress.  PSIR ¶ 14.  Given the circumstances,

Defendant and his wife were fortunate to have walked away from the incident without further injury.

Defendant's criminal history is also quite serious. According to the PSIR, Defendant began accumulating criminal history and associated convictions at the age of 18 for the crime of Taking Vehicle Without Permission (1990), and just a few years later, Interfering with Police Officer (1994), and Second Degree Possession of Stolen Property (1995). PSIR ¶ 40-45. Thereafter, Defendant continued to accumulate convictions with increasing degrees of associated jail-time and/or prison-time. PSIR ¶ 48-111. Defendant is now 48-years-old.

Notwithstanding this criminal history, and the knowledge that he is prohibited from possessing a firearm, Defendant possessed a loaded firearm on May 9, 2021 and used it to terrorize his wife in the above described domestic violence incident. Further, as the PSIR notes, Defendant around that time possessed not only one firearm, but in fact, two. PSIR ¶ 19. Less than a month later after Defendant's arrest, law enforcement learned about this second firearm when Defendant's wife came forward with information. PSIR ¶ 19.

    ii.   <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment; and to protect the public; the need for the sentence to afford adequate deterrence to criminal conduct</u>

The underlying circumstances of the charged offense, along with Defendant's history and characteristics, necessitates a sentence that promotes respect for the law, provides just punishment, protects the public, and affords adequate deterrence to criminal conduct as relates to Defendant and others who may be inclined to engage in similar criminal activity. The United States submits that a term of imprisonment at the low end of the applicable advisory guideline range adequately addresses these concerns. Defendant readily admitted to possessing a firearm at the time of his arrest

on May 9, 2021.  PSIR ¶ 17.  Further, Defendant promptly admitted his guilt in this current matter on September 21, 2021 after being brought into federal custody pursuant to a writ on August 3, 2021.  PSIR ¶ 2-3.  Defendant has remained in federal custody since August 3, 2021, and at the time of sentencing, will have accumulated more than six months' imprisonment.  Should the Court impose a 15-month term of imprisonment, a sentence of this length will fairly reflect the seriousness of Defendant's conduct thereby promoting respect for the law.  A sentence of 15 months' imprisonment also serves to send a  deterrent message to the community and to Defendant that prohibited possession of a firearm is a serious offense with accompanying penalties that are intended to protect the public.

## CONCLUSION

For the above reasons, the United States requests that the Court sentence Defendant to a 15-month term of imprisonment and a three-year term of supervised release.  The United States submits that this proposed sentence is sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

Respectfully submitted,

Vanessa R. Waldref
United States Attorney

s/ *Dominique Juliet Park*
Dominique Juliet Park
Assistant United States Attorney

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

I, Dominique Juliet Park, hereby certify that on January 18, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Lorinda Meier Youngcourt, Assistant Federal Defender
Lorinda_Youngcourt@fd.org

> _s/ Dominique Juliet Park_
> Dominique Juliet Park
> Assistant United States Attorney